11-1294-cv
Mitchell-White v. Northwest Airlines, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of October, two thousand eleven.

PRESENT:

> JOSEPH M. MCLAUGHLIN,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARTA J. MITCHELL-WHITE, individually and on behalf of others similarly situated,
> *Plaintiff-Appellant,*

     -v.-                                     No. 11-1294-cv

NORTHWEST AIRLINES, INC., DELTA AIR LINES, INC., as successor to NORTHWEST AIRLINES, INC., and NORTHWEST AIRLINES PENSION PLAN FOR CONTRACT EMPLOYEES,
> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | HERBERT EISENBERG (Robert J. Bach, Law Offices of Robert J. Bach, Esq., *on the brief*), Eisenberg & Schnell LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | STEPHEN P. LUCKE (Andrew Holly, Jonathan Herman, on the brief), Dorsey & Whitney LLP, Minneapolis, MN. |
| **FOR AMICUS CURIAE:** | ERIC A. HARRINGTON, U.S. Equal Employment Opportunity Commission, Washington, DC. |

Appeal from a March 1, 2011 judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-appellant Marta J. Mitchell-White, individually and on behalf of those similarly situated, appeals a February 24, 2011 order of the District Court, on which judgment was entered on March 1, 2011, dismissing for failure to state a claim on which relief can be granted, Fed. R. Civ. P. 12(b)(6), her age discrimination claim against Northwest Airlines, Inc. ("Northwest"), Delta Air Lines Inc., as successor to Northwest, and Northwest Airlines Pension Plan for Contract Employees ("Pension Plan") (collectively, "defendants"), brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and further denying her cross-motion for summary judgment under the ADEA. *See Mitchell-White v. Northwest Airlines, Inc.*, 10-cv-2678, 2011 WL 671630 (S.D.N.Y. Feb. 24, 2011).

## BACKGROUND

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal. Briefly, Mitchell-White worked for Northwest from 1967 until 2003. During her employment at Northwest and after her retirement, she was a participant in the Pension Plan. The Pension Plan offers four types of pension benefits, each with its own eligibility and benefit vesting requirements: (1) Normal Retirement Pension, (2) Early Retirement Pension, (3) Disability Retirement Pension, and (4) Deferred Vested Pension. Normal Retirement Pension is available only to those participants who reach the "Normal Retirement Date," which is defined as "the date the Participant would attain age sixty-five (65) years or, if later, the date which would be the fifth (5th) annual anniversary of the date the Participant first became a Participant." (Pension Plan, § 1.2.18.) Under the Pension Plan, if participants retires before the age of 65 and is eligible to receive an Early Retirement Pension, Disability Retirement Pension, or Deferred Vested Pension, the monthly amount payable under their respective pensions "shall be reduced by [any] Workers' Compensation Benefits" they receive upon reaching the age of 65. (Pension Plan, §§ 3.2.2, 3.3.2 and 3.4.2.)

In 2005, Mitchell-White elected to receive an Early Retirement Pension of $1,685.64 per month under the Pension Plan and also began receiving Workers' Compensation benefits of $380.00 per week. She turned 65 in February 2006 but continued to receive the full monthly pension benefit concurrently with her Workers' Compensation benefits. In June 2008, Mitchell-White received a letter from the Pension Plan stating that her monthly pension would thereafter be offset by the amount of her Workers' Compensation benefits, as it should have been from the time she achieved the age of 65.

On April 8, 2009, Mitchell-White filed a Charge of Discrimination against Northwest and the Pension Plan with the Equal Employment Opportunity Commission ("EEOC"), alleging that Northwest violated the ADEA by reducing pension benefits to offset Workers' Compensation benefits once a participant reached the age of 65. While her Charge was pending, Delta became the successor to Northwest. On January 7, 2010, the EEOC issued a Notice of Right to Sue for violations of the ADEA.

On March 25, 2010, Mitchell-White filed a complaint in the District Court for the Southern District of New York alleging that the age-triggered Pension Plan violates ADEA § 4(a), 29 U.S.C.

§ 623(a)(1), which provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of the individual's age." Defendants filed a motion to dismiss on June 4, 2010, and Mitchell-White filed a notice of cross-motion for partial summary judgment on June 18, 2010. On February 24, 2011, the District Court issued an opinion and order granting defendants' motion to dismiss and denying Mitchell-White's motion for summary judgment. The District Court entered judgment for defendants on March 1, 2011.

## I.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, accepting all well-pleaded, factual allegations in the complaint as true and drawing all inferences in favor of the plaintiff. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006). In reviewing a Rule 12(b)(6) ruling, our task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) (internal quotation marks omitted). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss on the pleadings, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Accordingly, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 129 S. Ct. at 1949 (holding that a claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

We also review *de novo* a district court's denial of summary judgment, construing the evidence in the light most favorable to the non-moving party. *See, e.g., Scholastic, Inc. v. Harris*, 259 F.3d 73, 81 (2d Cir. 2001); *Terwilliger v. Terwilliger*, 206 F.3d 240, 244 (2d Cir. 2000) (noting that the same standard of review applies for summary judgment motions and cross-motions). Summary judgment is warranted only upon a showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## II.

Upon our *de novo* review, we affirm the judgment of the District Court substantially for the reasons stated in its thoughtful and thorough opinion. *See Mitchell-White v. Northwest Airlines, Inc.*, No. 10-cv-2678, 2011 WL 671630 (S.D.N.Y. Feb. 24, 2011).

Mitchell-White claims that the Pension Plan discriminates on the basis of age in violation of ADEA § 4(a), 29 U.S.C. § 623(a)(1) by reducing pension benefits to offset Workers' Compensation benefits once a participant reaches the age of 65. In *Kentucky Retirement Systems v. EEOC*, 554 U.S. 135, 148-49 (2008), the Supreme Court held that a state employee pension plan that granted additional years of service for the purpose of calculating pension benefits to employees who were disabled prior to age 55 (the plan's normal retirement age), but none to employees who were disabled after age 55, did not violate ADEA § 4(a). The Supreme Court held that "[w]here an employer adopts a pension plan that includes age as a factor, and that employer then treats employees differently based on pension status, a plaintiff, to state a disparate-treatment claim under the ADEA, must adduce sufficient evidence to show that the differential treatment was 'actually motivated' by *age*, not pension status." *Id.* at 148.

3

Mitchell-White fails to include any allegations demonstrating that the differential treatment of which she complains was "actually motivated" by age. Naked assertions that the defendants "acted intentionally, willfully, and with malice and/or reckless indifference" against her and other class members (Compl. ¶ 54), without further factual allegations from which to infer such motives, are insufficient to withstand a motion to dismiss.[1] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Furthermore, applying the reasoning of *Kentucky Retirement*, the Pension Plan is not discriminatory. *Mitchell-White*, 2011 WL 671630, at *4-6 (applying the six factors the Supreme Court considered in *Kentucky Retirement* to determine whether the disparate treatment was "actually motivated" by age); *see Kentucky Retirement*, 554 U.S. at 143-48.

## CONCLUSION

We have considered all of Mitchell-White's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court entered March 1, 2011 is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The District Court also properly denied Mitchell-White's motion for summary judgment. *See* Fed. R. Civ. P. 56(a).

4